GRAND LODGE—FREE & ACCEPTED MASONS OF WISCONSIN, and others, Plaintiffs-Appellants, v. CONTA, Secretary of Revenue, and another, Defendants-Respondents.

*No. 77–508.   Argued June 6, 1978.—Decided June 30, 1978.*
(Also reported in 267 N.W.2d 375.)

For the appellants there were briefs by *Lewis A. Stocking, Ralph Adam Fine,* and *Petrie, Stocking, Meixner & Zeisig, S. C.,* of Milwaukee, and oral argument by *Mr. Fine.*

For the respondents the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Brief Amicus Curiae for Wisconsin Civil Liberties Union Foundation, Inc., was filed by *Steven H. Steinglass,* cooperating attorney, of Madison.

PER CURIAM. The origins of this case are to be found in a federal court decision, *Pitts v. Department of Revenue,* 333 F. Supp 662 (E.D. Wis. 1971). The *Pitts* case dealt with the constitutionality of sec. 70.11(4), Stats., which grants property tax exemptions to fraternal societies operating under the lodge system, and sec. 71.01(3)(a), which grants income tax exemptions to benevolent associations not operated for pecuniary profit. The district court held in *Pitts* that these statutes are unconstitutional "insofar as they afford benefits to organizations which discriminate in their membership on the basis of race . . . ." 333 F. Supp. at 670. Pursuant to the opinion, the federal court entered a judgment and decree on November 16, 1971, which provided as follows:

"IT IS HEREBY ADJUDGED AND DECREED:
"1. That insofar as secs. 70.11(4) and 71.01(3)(a) Wis. Stats. afford tax exemptions to organizations which discriminate in their membership on the basis of race, said Sections are declared violative of the Equal Pro-

tection Clause of the Fourteenth Amendment to the United States Constitution.

"2. That the defendants and each of them and their successors are hereby enjoined from granting tax exemptions under secs. 70.11(4) and 71.01(3)(a) Wis. Stats. to organizations which discriminate in their membership on the basis of race.

"3. That in order to effectuate the injunction the defendants are ordered henceforth to question all organizations claiming tax exemptions under secs. 70.11(4) and 71.01(3)(a) regarding whether the constitution, by-laws or actual practices of said organizations require discrimination in membership on the basis of race. The form and method of dissemination of said questionnaire shall be in good faith compliance with this order and shall be left to the discretion of the defendants. Jurisdiction is retained for purposes of carrying out this decree."

In purported compliance with the decree, the Department of Revenue has investigated the constitution and by-laws of over 9,500 organizations since the beginning of the program, and has begun investigations of the actual membership practices of over 30 organizations within the period of February 1977 to February 1978. The Department has issued "Initial Determinations" with respect to the Masonic Lodges involved in this case stating that there is probable cause to believe that each discriminates in its membership on the basis of race, because of:

". . . [t]he Lodge's written policy and actual practice of non-solicitation of members, the requirement of two internal sponsors on a petition for membership, the subjective, discretionary investigation conducted by an investigating team and the investigative board, and the secret ballot, black ball system of voting by which one negative vote bars a petitioner from membership, effectively deny[ing] blacks the same opportunity for membership as whites."

A hearing before a hearing examiner was held on August 3–4, 1977, in Milwaukee, at the request of the

Lodges. The facts adduced at the hearing tended to show that solicitation of members is not allowed in the Masonic Lodges and that two internal sponsors are needed in order for a petitioner to be recommended for membership. In addition, one black ball vote will suffice to keep out a prospective member, but it is forbidden to question a member as to how he voted. It is, however, un-Masonic conduct to cast a black ball on the basis of race. There is a parallel group to the Grand Lodge—Free and Accepted Masons of Wisconsin, known as the Prince Hall Grand Lodge of Wisconsin, which is a predominantly black Masonic group. The Grand Lodge Free and Accepted Masons does not formally recognize the Prince Hall system, but it does acknowledge that the Prince Hall system comes historically from a legitimate Masonic background. It is conceded that there are apparently no black members of the Grand Lodge Free and Accepted Masons system.

The plaintiff Lodges commenced this action, seeking declaratory and injunctive relief, by a summons and complaint filed November 10, 1977. They seek a declaration to the effect that the Department has no authority to proceed with its investigation of the plaintiff Lodges. In seeking this declaration, they rely on the word, "require," in the third paragraph of the federal court decree, *supra,* on the theory that the Department has no authority under the *Pitts* decree to go any further than determining whether the constitution, by-laws, or actual practices "require" discrimination. They argue, in effect, that even if their actual practices result in the total absence of blacks from Wisconsin Lodges, such practices are not within the scope of the federal court decree because the actual practices of the Lodges do not "require" discrimination. The Lodges also seek injunctive relief to prevent the Department from continuing its investigation pending the determination whether to grant declaratory relief.

The trial court, on November 14, 1977, denied the Lodges' application for an *ex parte* temporary restraining order. The Lodges then moved for a temporary injunction, by motion filed November 17, 1977. The trial court denied this motion by decision and order filed December 21, 1977. This latter order is the one being appealed from in this action, by notice of appeal filed January 24, 1978. On January 24, 1978, the Lodges filed with this court a motion for a stay of administrative proceedings pending this appeal. On April 4, 1978, this court granted the motion of the Lodges and enjoined the Department from further administrative proceedings against the Lodges pending this appeal.

Additionally, the record shows that administrative procedures have been commenced, and substantially completed, in respect to Kenwood Lodge No. 303, McKinley Lodge No. 307, Shorewood Lodge No. 339, and Myron Reed Lodge No. 297.

The only order before this court on appeal is that of the circuit court which denied the motion for temporary injunction. The merits of the declaratory judgment action are not before us, and we do not consider them. We take notice, however, that in essence the plaintiffs in their action would have the court construe and interpret the order in *Pitts v. Department of Revenue;* and were we to determine the propriety of totally enjoining further administrative investigation and proceedings by the Department of Revenue on the basis of whether or not a declaration of rights under the *Pitts* case was appropriate, we would be obliged to reach sensitive questions of state-federal comity that should be avoided at this juncture and which may become unnecessary. We conclude, therefore, that under the posture of this case as revealed by the record, and by the statements of counsel at oral argument, an appropriate resolution of the limited issue on appeal may best be accomplished by permitting the administrative procedures now pending in respect to

Lodge Nos. 303, 307, 339, and 297 to be completed and reviewed in due course.

We also conclude that it is appropriate for the Department of Revenue to proceed and complete in respect to all lodges that portion of its investigation referred to in the *Pitts* decree "regarding whether the constitution, by-laws or actual practices of said organizations require discrimination in membership on the basis of race." We do so with the understanding that such information can be secured by the use of form questionnaires, without the use of adversary administrative procedures at this time, or without the interrogation of officers of constituent lodges.

The normal administrative procedures and remedies of the parties in respect to the pending procedures involving Lodge Nos. 303, 307, 339, and 297 are not limited by this order.

Because the trial court denied the petition to enjoin administrative procedures now underway in respect to Lodge Nos. 303, 307, 339, and 297, we affirm the trial court in that respect.

Because the trial court denied the petition to enjoin administrative action in respect to all lodges, we modify the trial court order by directing that all administrative proceedings, except with respect to the four lodges named above, other than information gathering by questionnaire, be enjoined pending the completion of administrative hearings and final court review in respect to Lodge Nos. 303, 307, 339, and 297.

The Department is enjoined from summarily revoking the tax exempt status of any Masonic Lodge during the period that the injunction granted by this order remains in effect.

We vacate the orders of this court dated January 25, 1978, and April 4, 1978, and substitute therefor the provisions of this order.

The order of the circuit court is modified and, as modified, is affirmed; injunction is granted consistent with the provisions of this opinion and order. This order shall remain in effect until further order of this court.